UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION | § § § | |
| **Plaintiff** | § § | |
| v. | § § | CIVIL ACTION NO. 5:16-250 |
| ATILLA A. CHARLES JANICE C. ADKINS AND THE ESTATE OF JOAN J. CHARLES | § § § § § | JUDGE _____ |
| **Defendants** | § | |

## COMPLAINT IN INTERPLEADER

Plaintiff New York Life Insurance and Annuity Corporation ("NYLIAC"), by and through its undersigned attorneys, for its Complaint in Interpleader, alleges as follows:

## PARTIES

1. NYLIAC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 51 Madison Avenue, New York, New York. NYLIAC is duly authorized to do business in the State of New York.

2. Upon information and belief, Joan J. Charles (the "Insured") was a resident of San Antonio, Texas.

3. Upon information and belief, Atilla A. Charles, formerly known as "George A. Charles," the Insured's son ("Atilla Charles"), is a resident of San Antonio, Texas.

4. Upon information and belief, Janice C. Adkins, the Insured's daughter ("Janice Adkins"), is a resident of the State of Virginia.

5. Upon information and belief, an administrator has not been appointed to administer the Estate of Joan J. Charles (the "Estate of the Insured").

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under <u>State Farm Fire & Casualty Co. v. Tashire</u>, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Virginia and Texas.

7. This Court also has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. NYLIAC is a New York citizen for diversity purposes, and upon information and belief, the defendants are citizens of Virginia and Texas.

8. Venue is proper in this federal district pursuant to 29 U.S.C § 1332(e)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## STATEMENT OF FACTS

9. NYLIAC issued three insurance contracts to the Insured (collectively referred to as the "Contracts"):

    a. Individual Term Life Insurance Policy No. 62 924 393 (the "Life Policy") was issued to the Insured as Owner and Insured, a specimen copy of which is attached hereto as Exhibit A;

    b. Variable Annuity No. 58 413 638 (the "Variable Annuity") was issued to the Insured as Owner and Annuitant, a specimen copy of which is attached hereto as Exhibit B; and

c.  Guaranteed Life Income Annuity No. 74 788 015 (the "Income Annuity") was issued to the Insured as Owner and Annuitant, a specimen copy of which is attached hereto as Exhibit C.

10. By Application for the Life Policy dated January 25, 2005, the Insured designated Janice C. Adkins, Daughter, George Anthony Charles, Son, Alexis Adkins, Granddaughter, Taylor Adkins, Granddaughter, George Adkins, III, Grandson, and Sirr Anthony Charles, Grandson, as primary beneficiaries to the Life Policy in equal shares. *A copy of the Application dated January 25, 2005 is attached hereto as **Exhibit D**.*

11. By Application dated June 9, 2010, the Insured designated George Anthony Charles, Son, as 50% primary beneficiary and Janice Adkins, Daughter, as 50% primary beneficiary to the Variable Annuity. *A copy of the Application dated June 9, 2010 is attached hereto as **Exhibit E**.*

12. By Application dated October 22, 2013, the Insured designated Alexis B. Adkins, Granddaughter, as 50% primary beneficiary and George A. Charles, Son, as 50% primary beneficiary to the Income Annuity. *A copy of the Application dated October 22, 2013 is attached hereto as **Exhibit F**.*

13. Upon information and relief, the Insured died on April 20, 2015, as a result of hyperthermia caused by dinitrophanol toxicity caused by an ingested substance. *A copy of the Certificate of Death and Medical Certification of Certificate of Death is attached hereto as **Exhibit G**.*

14. As a result of the death of the Insured, the following benefits became payable in connection with the Contracts (collectively, the "Death Benefits"):

a.  a Life Policy death benefit in the amount of $98,400.82 (the "Life Policy Death Benefit"), plus applicable clam interest, if any, became payable to a beneficiary or beneficiaries;

b.  a Variable Annuity death benefit in the amount of $437,827.50[1] (the "Variable Annuity Death Benefit") became payable to a beneficiary or beneficiaries; and

c.  an Income Annuity death benefit consisting of monthly payments of $672.51 to each named beneficiary payable for the period of May 15, 2015 through June 15, 2031 (the "Income Annuity Death Benefit") became payable to a beneficiary or beneficiaries.

15. Upon information and belief, Atilla Charles has not been ruled out a suspect in connection with an investigation by the San Antonio Police Department into the death of the Insured.

16. Pursuant to Tex. Ins. Code 1103.151, "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured."

17. Pursuant to Tex. Ins. Code 1103.152:

(a) Except as provided by Subsection (b), if a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract under Section 1103.151, a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract.

(b) A contingent beneficiary is not entitled to receive the proceeds of a life insurance policy or contract if the contingent beneficiary forfeits an interest in the policy or contract under Section 1103.151.

(c) If there is not a contingent beneficiary entitled to receive the proceeds of a life insurance policy or contract under Subsection (a), the nearest relative of the insured is entitled to receive those proceeds.

---

[1] In accordance with the terms and nature of the Variable Annuity contract, the amount of the Death Benefit payable is subject to fluctuation. The Death Benefit is based in part on the performance of the funds in which the Variable Annuity is invested and is calculated at the time of distribution of the proceeds.

18. If Atilla Charles is found to be a principal or accomplice in willfully bringing about the death of the insured, then he would have forfeited his interest in the Contracts to which he is a named beneficiary.

19. The Insured did not name a contingent beneficiary to the Life Policy, the Variable Annuity or the Income Annuity.

20. The beneficiary rules of all three Policies provide that if there is no beneficiary at the time of the death of the Insured, the right to the proceeds of the Policies would pass to the Estate of the Insured.

21. Upon information and belief, the Insured's nearest relatives are her two sole surviving children, Atilla Charles and Janice Adkins.

22. If Atilla Charles is found to be a principal or an accomplice in willfully bringing about the death of the Insured, the Death Benefits to which he is named a beneficiary would be payable either to the Estate of the Insured pursuant to the terms of the Policies or to the Insured's daughter, Janice Adkins, pursuant to Texas law.

23. On or about August 4, 2015, upon receiving a finalized Certificate of Death for the Insured, NYLIAC processed the Life Policy Death Benefit and issued checks to the designated beneficiaries, including a check in the amount of $12,167.79 to Atilla Charles (the payment to Atilla Charles is referred to as "Life Policy Payment").

24. Fifty percent of the Variable Annuity Death Benefit was distributed to Janice Adkins and the remaining 50% of the Variable Annuity Death Benefit, to which Atilla Charles was designated a beneficiary, remains on deposit with NYLIAC.

25. Fifty percent of the Income Annuity Death Benefit has been processed for the benefit of Alexis Adkins and the remaining 50% of the Income Annuity Death Benefit, to which

Atilla Charles was designated a beneficiary, remains on deposit with NYLIAC (the 50% of the Variable Annuity Death Benefit remaining on deposit with NYLIAC and the 50% of the Income Annuity Death Benefit remaining on deposit with NYLIAC are together referred to as the "Remaining Death Benefits).

## CAUSE OF ACTION IN INTERPLEADER

26. There have been no other claims for the Death Benefits. Under the circumstances, NYLIAC cannot determine factually or legally who is entitled to the Life Policy Death Benefit and/or the Remaining Death Benefits. By reason of the actual or potential claims of the interpleading defendants, NYLIAC is or may be exposed to multiple liability.

27. NYLIAC is ready, willing and able to pay the Remaining Death Benefits, plus applicable claim interest, if any, payable in accordance with the terms of the Plan, relevant state law and to whomever this Court shall designate.

28. As a mere stakeholder, NYLIAC has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefits and respectfully requests that this Court determine to whom said benefits should be paid.

29. NYLIAC accordingly will deposit with the Court the Remaining Death Benefits, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court. NYLIAC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between NYLIAC and any of the Defendants. NYLIAC brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

## CAUSE OF ACTION AGAINST ATILLA CHARLES
## FOR INJUNCTION, INDEMNITY AND REIMBURSEMENT

30. The Life Policy Payment was inadvertently issued to Atilla Charles, who may be found to have forfeited his interest in the Life Policy Death Benefit.

31. NYLIAC requests that the Court issue an injunction directing Atilla Charles to freeze and refrain from dissipating the Life Policy Payment paid by NYLIAC pending a final determination by the Court as to whether Atilla Charles has forfeited his interest in the Life Policy Death Benefit.

32. Should this Court determine that Atilla Charles has forfeited his interest in the Life Policy Death Benefit, NYLIAC is entitled to be indemnified and reimbursed by Atilla Charles for the amount of any judgment, plus interest, against NYLIAC in connection with the Life Policy Payment to Atilla Charles.

**WHEREFORE**, NYLIAC prays that the Court enter judgment:

(a) issuing an injunction freezing the amount of the Life Policy Payment previously paid by NYLIAC to Atilla Charles;

(b) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefits;

(c) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Contracts and/or the Death Benefits;

(d) should this Court determine that Atilla Charles is not a rightful beneficiary of the Life Policy, requiring Atilla Charles to indemnify and reimburse NYLIAC for the amount of any judgment, plus interest, in connection with the Life Policy and payment of the Life Policy Payment to Atilla Charles;

(e) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Life Policy Death Benefit and the Remaining Death Benefits should be paid;

(f) permitting NYLIAC to deposit the amount of the Remaining Death Benefits, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(g) discharging NYLIAC from any and all further liability to Defendants relating in any way to the Contracts and/or the Death Benefits upon payment of the Remaining Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(h) awarding NYLIAC its attorneys' fees and costs in their entirety; and

(i) awarding NYLIAC any other and further relief that this Court deems just and proper.

Respectfully submitted,

**CALLIER & GARZA, L.L.P.**

/s/ Bernardo S. Garza

_____

Bernardo S. Garza
TBN – 00773040
4900 Woodway, Suite 700
Houston, Texas 77056
Telephone: (713) 439-0248
Facsimile: (713) 439-1908

ATTORNEY FOR PLAINTIFF
**NEW YORK LIFE INSURANCE COMPANY**